UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENISE JAMERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:12-cv-1147-RLY-TAB |
| CAROLYN W. COLVIN Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

**I. Introduction**

The Commissioner stipulated to a remand of this motion after Plaintiff filed her brief. Plaintiff now seeks attorney's fees under the Equal Access to Justice Act.[1] [Docket No. 23.] Plaintiff's counsel allege that they are entitled to an enhanced hourly rate under EAJA and request that attorney Nicholas Lavella be directly paid the EAJA fee. The Commissioner argues that counsel is not entitled to an enhanced hourly rate, the request for fees is unreasonable, and that the EAJA fee should be paid directly to Plaintiff. For the reasons set forth below, the Magistrate Judge recommends that Plaintiff's motion for attorney's fees [Docket Nos. 23 and 25] be granted and attorney Lavella be directly awarded the full amount within 28 days of adoption, subject to a statement of debt by the Commissioner.

---

[1] Plaintiff requests attorney's fees for 61.1 hours at an hourly rate of $182.91 for 2.4 hours of work performed in 2012 and $185.45 for 58.7 hours in 2013. [Docket No. 23 at 3; Docket No. 25 at 8.]

1

## II. Discussion

### A. *Enhanced Hourly Rate*

EAJA provides that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(2)(A). Counsel argues that they are entitled to an enhanced hourly rate given increases in living costs and costs of doing business for practicing attorneys in Indianapolis. Citing to the Consumer Price Index Inflation calculator, counsel indicates that $125 in 1996 equates to $182.91 in 2012 and to $185.45 in 2013. [Docket Nos. 23-2 and 23-3.] The Commissioner contends that Plaintiff failed to show that an enhanced hourly rate is justified and reasonable. [Docket No. 24 at 2.] The Commissioner cites to *Mathews-Sheets v. Astrue,* 653 F.3d 560 (7th Cir. 2011), in noting that counsel must show that an attorney in the relevant geographical area would not be able to competently handle the case without an enhanced fee. [Docket No. 24 at 3.]

The Seventh Circuit requires the "plaintiff [to] point to inflation or some other special factor" to receive an enhanced fee. *Mathews-Sheets,* 653 F.3d at 563. Yet, the *Mathews-Sheets* decision does not

> prescribe a particular manner in which a lawyer might demonstrate that a cost of living increase for legal services is justified, merely that some adequate justification be provided. While abundant or complex evidence is not required, counsel is required to provide some basis to justify an increase in fees from the $125 rate.

*Walton v. Colvin*, No. 1:12-cv-688-JMS-TAB, 2013 WL 1438103, at *3 (S.D. Ind. April 9, 2013).

2

Plaintiff relies on the Consumer Price Index Inflation calculator and a filed affidavit of attorney Bridget O'Ryan to justify an increase in fees. O'Ryan's affidavit notes increased expenses in operating a firm, including increased salaries for her associate attorney and legal assistant, increased subscriptions to legal resources, filing fees, and an increased cost in providing adequate legal service to clients seeking disability benefits. [Docket No. 23-4.] Plaintiff is also skilled counsel with hourly wages far above the EAJA cap and receives significantly higher fee awards in non-disability cases. All of this "supports an inference that the legal services market has not been immune to inflation, and that inflation *and* other economic forces have substantially increased the cost of providing legal services since 1996," which justifies an increase in fees. *See Gonzalez v. Astrue,* 1:10-CV-00899-DML-TWP, 2012 WL 1633937, at *2 (S.D. Ind. May 9, 2012) (finding that counsel's normal hourly rate along with CPI calculations and data reports sufficiently justified a higher fee under EAJA). As such, the Magistrate Judge recommends an enhanced hourly rate of $182.91 for 2012 and $185.45 for 2013.

  *B. Excessive Number of Hours*

The Seventh Circuit has held that "when calculating an EAJA award, we must exclude hours that were not reasonably expended." *Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). The Commissioner contends that Plaintiff's estimated 57.6 hours of work is excessive. The Commissioner argues that Plaintiff's motion included billing for the wrong client and skilled counsel does not need 57.6 hours to work on the three simple issues in this case. [Docket No. 24 at 5.] Counsel admitted that their bill was mislabeled but argue that the number of hours worked is correct. [Docket No. 25 at 5.] While it is unfortunate and perhaps a bit ironic that skilled

counsel would submit a mislabeled bill for the case's initial brief, the requested billable hours are not excessive.

As Plaintiff aptly notes, Plaintiff hired counsel to file her District Court appeal. [*Id*.] To prepare, counsel reviewed the 919-page record and drafted a 35-page brief that describes eight years of Plaintiff's medical history and examines multiple issues with considerable case law analysis. [Docket No. 15.] Given the circumstances, Plaintiff's reported 57.6 hours spent preparing the brief are reasonable. Plaintiff's counsel also request an additional 4.5 hours in fees be awarded for their additional work in researching and replying to the Commissioner's response, bringing the total number of hours to 61.1. [Docket No. 25.] The Magistrate Judge finds this request reasonable and recommends fees be awarded for all 61.1 hours.

### C.  *EAJA fee assignment*

Plaintiff requests that the EAJA fee be paid directly to Plaintiff's assignee, attorney Lavella. [Docket No. 23 at 4.] The Commissioner argues that the award should be paid to Plaintiff because it is subject to a federal administrative offset in the event that Plaintiff has outstanding federal debts. [Docket No. 24 at 6.] However, the Commissioner has no evidence of preexisting debt and cannot determine the existence of delinquent federal debts until after the court grants the EAJA award. [*Id.* at 7.]

It is appropriate to directly pay counsel an EAJA award when the plaintiff has no outstanding federal debt and assigns her right to receive fees to her attorney. *Astrue v. Ratliff,* 560 U.S 586, __, 130 S.Ct 2521, 2529 (2010); *Mathews-Sheets v. Astrue,* 653 F.3d 560, 565 (7th Cir. 2011). Under such circumstances, the Court orders the Commissioner to pay the award directly to counsel in a reasonable period of time, unless during that time the Commissioner files a statement along with supporting evidence to the Court that the plaintiff owes an outstanding

4

debt and the Commissioner will exercise its right of offset. *Earls v. Colvin*, No. 1:11-cv-00435-TWP-TAB, 2013 WL 1869025, at *2 (S.D. Ind. May 3, 2013); *Orr v. Astrue,* 1:11-cv-01471-TWP-MJD, 2013 WL 1840471 *3 (S.D. Ind. May 1, 2013) . Here, Plaintiff assigned her right to receive the EAJA award to attorney Lavella and there is no evidence of debt as of this date. [Docket No. 23-5.] As such, the Magistrate Judge recommends that payment of the EAJA fee be made to attorney Lavella within 28 days of adoption, subject to a statement of debt filed by the Commissioner.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for attorney's fees under EAJA [Docket No. 23; Docket No. 25] should be granted. The Magistrate Judge recommends Plaintiff be awarded fees for 61.1 hours at an hourly rate of $182.91 for the 2.4 hours worked in 2012 and $185.41 for the 58.7 hours worked in 2013, totaling to $11,324.90. The Magistrate Judge recommends that the Commissioner be ordered to pay the EAJA award to attorney Lavella within 28 days of adoption, subject to a statement of debt that Plaintiff owes an outstanding debt and the Commissioner will exercise its right of offset. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Dated: 10/04/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

5

Distribution:

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Nicholas Thomas Lavella
O'RYAN LAW FIRM
nlavella@oryanlawfirm.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov