UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DENISE  A. JAMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | 1:12-cv-01147-RLY-TAB |
| | ) | |
| Defendant. | | |

**ENTRY ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION**

Defendant, Carolyn W. Colvin acting Commissioner of Social Security (the

"Commissioner"), objects to the Magistrate Judge's Report and Recommendation.  For

the reasons set forth below, the court adopts the Magistrate Judge's recommendations

that (1) the attorney is entitled to an enhanced rate; (2) the number of hours billed were

reasonable; and (3) the fees be paid directly to Plaintiff's counsel.  The court does not

adopt the recommendation that the Commissioner pay the fees within twenty-eight (28)

days.

## I.      Background

Plaintiff, Denise Jamerson, was initially denied disability benefits under Title II of the

Social Security Act.  She filed the present action for judicial review of that decision.  On

April 11, 2013, a joint stipulation for remand was filed with the court (Docket # 20), and

the court entered judgment in favor of Ms. Jamerson.  (Docket ## 21, 22).  Ms. Jamerson

1

moved under the EAJA for attorney's fees.  Pursuant to 28 U.S.C. § 636, the court

referred the matter to the Magistrate Judge (Docket # 26), who submitted his report and

recommendation on October 4, 2013.  The Commissioner filed an objection on

November 4, 2013.

## II.     Standard

When a party raises specific objections to elements of a magistrate judge's report and

recommendation, the district court reviews those elements *de novo*, determining for itself

whether the magistrate judge's decision as to those issues is supported by substantial

evidence or was the result of an error of law.  FED. R. CIV. PRO. 72(b).  The district court

"makes the ultimate decision to adopt, reject, or modify" the report and recommendation,

and it need not accept any portion as binding;" the court may, however, defer to and

adopt those conclusions where a party did not timely object.  *Sweet v. Colvin*, No. 1:12-

cv-00439-SEB-TAB, 2013 WL 5487358, * 1 (S.D. Ind. Sept. 30, 2013) (citing *Schur v.

L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

## III.    Discussion

The Commissioner objects to the Report and Recommendation on two grounds.  First,

she contends the fee award should not be paid directly to Ms. Jamerson's attorney.

Second, she argues that the Magistrate Judge wrongly ordered the Commissioner to make

payment of the award within twenty-eight (28) days.  Ms. Jamerson responds with two

arguments.  First, she argues that the Commissioner has waived subsequent review.

Second, she contends that payment may be made directly to her attorney as an assignee.

## A.  Waiver

Ms. Jamerson argues that the Commissioner waived subsequent review of the

Magistrate Judge's Report and Recommendation by failing to file the objection within

fourteen days as required by 28 U.S.C. 636(b)(1).  The Commissioner responds in her

Supplemental Brief (Docket # 30) that her response was not untimely due to the stay that

was entered in the case when governmental appropriations ran out.  The Commissioner is

correct that once the stay was lifted, she had until November 4, 2013, to file her

objection.   The court will therefore examine the objections set forth by the

Commissioner.  But first, the court adopts the Magistrate Judge's Recommendation

regarding the number of hours and enhanced rate.

## B.  Number of Hours and Enhanced Fee

The Magistrate Judge, after weighing the arguments, recommended to the court

that the number of hours the attorneys spent on this case was reasonable and the attorneys

made the requisite showing to be awarded an enhanced fee.  The Commissioner did not

object to these recommendations.  Upon review, the court adopts the Magistrate Judge's

recommendations.  Therefore, the award shall cover all 61.1 hours worked at an enhanced

rate of $182.91 per hour for the hours worked in 2012 and $185.45 per hour for those in

2013.

## C.  Payment to the Attorney

Ms. Jamerson requests that the attorney's fees be paid directly to her attorney,

Nicholas Lavella, because she assigned her right to receive the fees to him.  The

Commissioner argues that the fee should be paid directly to Ms. Jamerson despite the

assignment.   Ms. Jamerson and the Magistrate Judge relied on *Mathews-Sheets v. Astrue*, which held that "if there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer."  653 F.3d 560, 565 (7th Cir. 2011).  The Commissioner relies on cases that predate *Mathews-Sheets* and were distinguished in it.  The Magistrate Judge's Recommendation was clearly following Seventh Circuit precedent, and the court adopts it fully.

### D.  Time for Payment

The Magistrate Judge recommended that "the Commissioner be ordered to pay the EAJA award to attorney Lavella within 28 days of adoption . . . ."  (Docket # 27 at 5). The Commissioner objects to this for two reasons.  First, the Commissioner states that it is only the Treasury that can effectuate payment and as such, the Commissioner cannot guarantee when payment will be made.  Second, the Commissioner argues that she has sixty days to appeal the Order and requiring payment before that would nullify the agency's right to appeal.  Ms. Jamerson did not respond to these arguments.

Regarding the Commissioner's first argument, the court looks to the structure and functions of the executive branch.  The Social Security Administration ("SSA") is an independent federal agency.   All payments are made through the Department of the Treasury, and thus the SSA does not technically control when the payment will be made.  In addition, the court recognizes that the Commissioner has sixty days to appeal this decision under Fed. R. App. Proc. 4(a)(1)(B).  As such, the court orders the

Commissioner to submit the claim for payment within **seventy days** of this Entry or as soon as it decides to forego an appeal, whichever is earlier.

## IV.    Conclusion

The court partially adopts the Magistrate Judge's Report and Recommendation granting Ms. Jamerson's Request for Attorney's Fees (Docket # 23). The award of attorney's fees should be paid in the amount of $11,324.90. The Commissioner has **TWENTY-EIGHT** days from the date of this Entry to file a statement with the court, along with supporting evidence, that Ms. Jamerson owes an outstanding debt to the Government as of the date of the award and that it will exercise its right of offset. If no statement is filed within that time period, the Government is ordered to honor her assignment of the EAJA award and direct the award of $11,324.90 to her counsel, Nicholas Lavella. The Commissioner has **SEVENTY** days from the date of this Entry or the date it chooses to not pursue an appeal, whichever is earlier, to submit this claim for payment to the Treasury. She shall cooperate with the Treasury to ensure the quick payment of the award.

**SO ORDERED** this 21st day of November, 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.